Lawrence M. C. SMITH, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

The Good Music Station, Inc., Intervenor,
RKO Teleradio Pictures, Inc., Intervenor.
Nos. 13571, 13627.

United States Court of Appeals
District of Columbia Circuit.

Argued March 27, 1957.

Decided June 21, 1957.

Mr. Lucien Hilmer, Washington, D. C., for appellant.

Mr. Richard A. Solomon, Assistant General Counsel, Federal Communications Commission, Washington, D. C., with whom Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, and Mark E. Fields, Counsel, Federal Communications Commission, Washington, D. C., were on the brief, for appellee.

Mr. Harold D. Cohen, Washington, D. C., with whom Mr. Nad A. Peterson, Washington, D. C., was on the brief, for intervenor, RKO Teleradio Pictures, Inc., Messrs. W. Theodore Pierson and Vernon C. Kohlhaas, Washington, D. C., also entered appearances for intervenor, RKO Teleradio Pictures, Inc.

Mr. William P. Bernton, Washington, D. C., was on the brief for intervenor, The Good Music Station, Inc. Messrs. Monroe Oppenheimer and James H. Heller, Washington, D. C., also entered appearances for intervenor, The Good Music Station, Inc.

Before EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

The Good Music Station, Inc., and RKO Teleradio Pictures, Inc., on May 21, 1956, applied for Federal Communications Commission approval of assignment of GMS's AM and FM licenses and construction permit to RKO. The Commission approved the application without hearing on July 18, 1956, pursuant to § 309(a) of the Communications Act, 47 U.S.C.A. § 309(a), and the sale was consummated the same day.

Section 309(c) of the Communications Act provides that a grant made without hearing pursuant to § 309(a) "shall remain subject to protests as hereinafter provided for a period of thirty days." Thus GMS and RKO were on notice that the Commission's grant of approval was subject to further administrative proceedings. The statute provides that where a protestant is found by the Commission to be a party in interest and to have specified "with particularity the facts relied upon * * * as showing that the grant was improperly made or would otherwise not be in the public interest" the Commission shall within 30 days designate the application for hearing or oral argument. And "pending hearing and decision the effective date of the Commission's action * * * shall be postponed to the effective date of the Commission's decision after hearing * * * *unless the Commission affirmatively finds for reasons set forth in the decision that the public interest requires that the grant remain in effect* * * *." Emphasis supplied.

On August 17, 1956, appellant Smith, a minority stockholder of GMS, filed a protest pursuant to § 309(c) charging fraud in the underlying contract of sale. On September 13, 1956, the Commission (1) ordered oral argument to be held on October 1, 1956, "as on demurrer * * * on the question whether, if the facts alleged in the protest were to be proved, grounds have been presented for setting aside the grant," and (2) suspended the effective date of its approval pending decision on the protest but allowed the parties one month to effect a

reassignment. On October 12, 1956, the Commission, on its own motion, extended the time for reassignment another month.

Case No. 13,571 is an appeal from the Commission's grant of the application and the orders extending time for reassignment.

Upon appellant's motion for temporary relief, this Court on October 25, 1956, ordered the Commission to "cause reassignment * * * within seven days unless within that time the Commission in some other manner complies with the pertinent provisions of § 309(c)."

Purporting to comply with this order, the Commission on November 1, 1956, set aside its previous stay order, finding for reasons stated that "the public interest requires that the grant remain in effect." It also directed an evidentiary hearing on the protest be held.

No. 13,627 is an appeal from the Commission's November 1, 1956, order vacating the stay and authorizing RKO to operate pending decision on the protest.

Upon appellant's second motion for temporary relief this Court on November 19, 1956, set aside the Commission's order authorizing temporary operation by RKO and directed the Commission to cause reassignment within seven days.

GMS has since operated the station and we are now asked by appellant to make permanent the relief granted on November 19, 1956.

The appeal in No. 13,571 is now dismissed as moot because the Commission's orders postponing the effective reassignment dates were superseded by the Commission's order of November 1, 1956.

Turning now to No. 13,627: accepting arguendo the Commission's conclusion that it may reconsider the matter of postponement of the effective date of the grant, the only question remaining is whether the Commission's finding that the public interest requires the grant remain in effect pending decision is valid.

It is undisputed that RKO and GMS were free to consummate the assignment the day the Commission issued its order approving the application. But their failure to "wait out" the 30 day period allowed for the filing of protest should in no way influence subsequent Commission action. The Commission originally stayed the effective date of its approval having concluded that it was unable to find that the public interest required the grant remain in effect pending final decision. After allowing the parties 60 days to cause reassignment the Commission, upon reconsideration, made a finding that the public interest required the grant remain in effect pending decision on an evidentiary hearing. The following reasons were given: (1) the assignor appears, by virtue of his efforts to assign, to be unwilling to assume the responsibilities of a station licensee; (2) the assignor will, if required to resume broadcasting, discontinue the good music format on WGMS-FM and will conduct a network operation on both the AM and FM outlets; and (3) protestant has not questioned the qualifications of the assignee.

Upon appellant's application for relief pending this appeal, we set aside the Commission's order of November 1, 1956, because we thought the Commission's public interest finding was not adequately supported. We said: " * * * to allow operation in this case by the assignee because of the stated reluctance of the assignor to resume its previous operations as anticipated by Section 309 (c) and the assignment agreement, at least when the question is considered in connection with the unresolved question of fraud, would not be consistent with the statutory scheme." The arguments presented by the Commission on this appeal do not convince us that we should now change our position. Nor can we accept the Commission's contention that its public interest finding is supported by the third ground it gave therefor, i. e., that the allegations of fraud are directed principally against assignor, and not against assignee. The alleged fraud is of such nature that if either was guilty, both were.

We now reaffirm our previous order setting aside the Commission's order of November 1, 1956, which allowed the grant to remain in effect. The result is that the present status of operation will continue pending decision by the Commission on the protest.

So ordered.